DISSENTING OPINION.
We cannot concur in the majority opinion herein.
This case originated before the Public Service Commission of Missouri on September 11, 1934. On the 26th, 27th and 28th of November, a full hearing was had before the Commission. Thereafter, within a year and a half, there were five rehearings before the Commission which resulted in five different decisions.
Thereafter, the matter was certified to the Cole County Circuit Court, and on the 16th day of April, 1936, the Cole County Circuit Court entered its order, judgment and decree which are set forth in the majority opinion herein.
Thereafter, an appeal was taken to this court. On the 20th day of November, 1936, at its October term, the court dismissed the appeal for failure to perfect the same and issued its mandate affirming the judgment of the Circuit Court of Cole County, Missouri. *Page 490 
The abstract of the record of the proceedings before the commission is a volume of over 900 pages wherein is shown a most exhausting inquiry into all issues presented.
After the mandate of this court, affirming the judgment of the Cole County Circuit Court, reached the commission that body concluding that the judgment of the Cole County Circuit Court as affirmed by this court conformed to a dissenting opinion of one of the commissioners, gave re-consideration and adopted said dissenting opinion as the opinion of the commission and made its orders and decrees accordingly, same being designated as Supplemental Order No. 5. Said order was made on January 6, 1937.
Thereafter, motion for rehearing, as to Supplemental Order No. 5, was filed and overruled by the commission and thereafter an appeal was allowed and matter certified to the Circuit Court of Cole County, Missouri.
After the matter was lodged in the aforesaid circuit court, a change of venue was taken from the judge who had rendered the judgment upon which Supplemental Order No. 5 was based and another circuit judge was called and reviewed the cause.
This cause was heard on appeal in the Cole County Circuit Court on May 3, 1938, said day being one of the days of the February term of said court.
At the conclusion of the hearing, the following entry was made by the court:
"Now on this 3rd day of May, being one of the days of the regular February Term of the Circuit Court of Cole County, Missouri, this cause having heretofore been heard, by the Court taken under advisement, and the Court being fully advised finds that in issuing Supplemental Report and Order No. 5 the Public Service Commission did not make a finding of facts but substituted the finding of facts made by the Circuit Court of Cole County for its finding of facts, to-wit, `that the shipping public will be benefited by granting the authority sought,' and that the Public Service Commission did not find that public convenience and necessity required the through service authorized in Supplemental Report and Order No. 5.
"WHEREFORE, it is the order, judgment and decree of the Court that said order be set aside and for naught held, and the cause remanded to the Public Service Commission for further proceedings."
An appeal from the judgment was duly taken and the matter is before us for review.
An examination of the record herein discloses that the application for review upon which this review is based conforms very closely to other applications that furnished the basis of the multiple hearings and findings shown in the record. In other words, the same issues seem to be declared upon and the same facts involved as were in *Page 491 
the case decided by the Cole County Circuit Court and affirmed by this court aforesaid.
The application for review does not point out the character or nature of any evidence that will throw further light upon the issues involved.
From the showing of the record, we can but conclude that by a circuitous route based upon the same facts and issues, the findings and orders of the Public Service Commission, based upon the judgment of one circuit judge and affirmed by an appellate court, are nullified by a presto change of judges occasioned under the change of venue law.
From an examination of the record, we conclude that the judgment of the Circuit Court of Cole County, appealed from, is not responsive to the issues and does not come within the province of a review by the circuit court of the orders and decrees of the commission.
There is nothing in the judgment appealed from that declares that the opinion of the commission is arbitrary, unreasonable, unlawful and capricious or against the law and, therefore, is in conflict with: State ex rel. Jenkins v. Brown, 323 Mo. 382,19 S.W.2d 484; State ex rel. Kansas City Power Light Co. v. Public Service Commission, 335 Mo. 1248, 76 S.W.2d 343.
We conclude that the majority opinion herein overlooks the fact that this is a review of the finding and orders of a legislative agency as distinguished from a review of a court. In reviewing a judgment of the trial courts, our appellate courts can remand with absolute directions as to entry and proceeding. This is not so in the review of the Workmen's Compensation Commission, for the reason that to allow our appellate courts to do so would be contrary to and would interfere with the underlying principle of the coordinate branches of government. If our courts had such power, the door to encroachment of the judiciary upon the legislative branch of government would be thrown wide open.
Our courts cannot make findings of facts for the commission and have no power to grant certificates of public necessity and convenience, and the writer finds no authority whereby courts can compel the commission to re-open matters for further testimony. To grant or not grant a rehearing and permit further testimony, we conclude, is within the sound discretion of that legislative agency, to say the least.
It does not take a Solomon to ascertain from the record before us that the real object of the respondent is to force the commission to re-open the case for the purpose of further testimony. As to such, we find, even admitting the right, no good cause is shown. When we view the volume of testimony already had in this case, we conclude *Page 492 
the power of discretion, which we conclude the commission has, is wise.
In consideration of that portion of the judgment entry of the circuit court, to-wit, "in ensuing Supplemental Report and Order No. 5, the Public Service Commission did not make a finding of facts but substituted the finding of facts made by the Circuit Court of Cole County for its finding of facts," we conclude that this is without the scope of the judicial branch in reviewing the findings and conclusions of a legislative agency.
Within the limited scope of the review prescribed by constitutional provisions and defined by Statute, wherein the question is limited to "unreasonable or unlawful," a court of review must of necessity reach its conclusions on premises that justify its conclusion. Touching such a situation, we deem it unwise to so depreciate judicial opinion and so restrict legislative agency as to not permit the commission to give due consideration of the judicial utterances in making its finding of fact.
We conclude that if the language as used in the opinion,supra, be allowed to stand as the law of this State, that the same will work an inhibition upon the Commission which, in effect, tells that body that it must ignore judicial utterances.
We conclude that the review of this case by the Circuit Court of Cole County goes beyond the scope of authority conferred upon that court, and that the judgment rendered by said court does not come within any issue reviewable by the court, in that consideration of it being "unlawful or unreasonable" is shown as not considered or determined in said judgment.
We conclude that the judgment should be reversed.
We conclude that the majority opinion of this court is in direct conflict with the latest utterances of the Supreme Court of Missouri as expressed in: State ex rel. Jenkins v. Brown,323 Mo. 382, 19 S.W.2d 484; State ex rel. City of St. Louis v. Public Service Commission, 335 Mo. 448, 73 S.W.2d 393; State ex rel. Kansas City Power Light Co. v. Public Service Commission, 335 Mo. 1248, 76 S.W.2d 343.
We, therefore, ask that this cause be transferred to the Supreme Court of Missouri.